IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY M. CONNER,

            Plaintiff,

v.                                CIVIL ACTION NO.  2:19-cv-00329

ASSOCIATED RADIOLOGISTS, INC., et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Timothy Conner's ("Plaintiff") Motion to Strike Defendants' Disclosure of Rebuttal Expert Witness. (ECF No. 97.) For the reasons more fully explained below, Plaintiff's motion is **GRANTED**.

### I.    BACKGROUND

On July 18, 2019, this Court entered a scheduling order, (ECF No. 17), which established a deadline for expert witness disclosures for parties bearing the burden of proof of February 21, 2020. Pursuant to this order, expert witness disclosures for parties not bearing the burden of proof were due by March 20, 2020, and rebuttal expert disclosures were due by April 3, 2020. (*Id.*)

Then, on February 20, 2020, the parties filed a joint motion to modify the Court's scheduling order. (ECF No. 27.) This joint motion came before the initial expert witness disclosure deadline and before any party had filed any expert witness disclosures. The Court granted the motion and entered its first amended scheduling order on February 24, 2020. (ECF No. 28.) This amended order established a deadline of May 21, 2020 for expert witness

disclosures for parties bearing the burden of proof. (*Id.*) Disclosures for parties not bearing the burden of proof were due by June 22, 2020, and rebuttal expert disclosures were due July 3, 2020. (*Id.*) Discovery was to close July 17, 2020. (*Id.*)

Because 2020 involved a rapidly evolving set of circumstances due to the COVID-19 pandemic that resulted in numerous closures and lockdowns, the parties filed their second joint motion to modify the scheduling order on June 18, 2020. (ECF No. 57.) This Court granted the motion and entered a second, final amended scheduling order. (ECF No. 58.) This order was entered after the initial expert witness disclosure deadline had already passed, thus it did not address the expert disclosure deadline for parties bearing the burden of proof. (*Id.*) The scheduling order established that expert witness disclosures for parties not bearing the burden of proof were due by September 22, 2020, and any rebuttal expert witnesses were to be disclosed by October 2, 2020. (*Id.*) Depositions were to be completed by October 16, 2020, which also served as the close of discovery. (*Id.*)

Plaintiff, who bears the burden of proof on the allegations in his complaint, submitted his Expert Witness Disclosure on May 20, 2020. (ECF No. 38.) Plaintiff's named expert is David M. Lipkin, MSPA, FSA ("Lipkin"), and Plaintiff served Lipkin's expert report upon Defendants the same date, in accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. (*Id.*) Lipkin's report also addresses several issues relevant to the counterclaim against Plaintiff, for which Plaintiff does not bear the burden of proof. (*See* ECF No. 97–1.) Plaintiff did not submit a separate disclosure since Lipkin's report already addressed the counterclaim and to file another disclosure would have been redundant. (ECF No. 97 at 2, n.2.)

2

As referenced, Defendant Associated Radiologists, Inc. ("ARI") has asserted a counterclaim against Plaintiff, and ARI bears the burden of proof for that claim. (*See* ECF No. 9.) Despite bearing that burden of proof, ARI did not disclose any expert witness by the May 21, 2020 deadline. Nor did any of the Defendants disclose an expert witness on any issue on which they did not bear the burden of proof, the deadline of which fell on September 22, 2020.

However, Defendants did disclose an expert witness on the evening of October 2, 2020, the deadline for disclosing rebuttal expert witnesses. (ECF No. 92.) The disclosure named David G. Pitts, FSA, MAAA ("Pitts"), as an expert witness and contained his *curriculum vitae*. The disclosure stated that Pitts would be expected to testify "as an expert in the field of pension and benefit plans, such as the [ARI] Defined Benefit Plan at issue in this case, and the financing and risk management of such plans," along with the "fiduciary duties governed by the Employee Retirement Income Security Act (ERISA)." (ECF No. 97–2 at 2.) No report or opinion of Pitts was provided in this disclosure.[1]

On October 14, 2020, Plaintiff filed his Motion to Strike Defendants' Disclosure of Rebuttal Expert Witness. (ECF No. 97.) On October 28, 2020, Defendants timely filed their response in opposition to Plaintiff's motion to strike. (ECF No. 100.) On November 4, 2020, Plaintiff filed his reply in support. (ECF No. 102.) With the briefing on this motion complete, it is now ripe for adjudication.

---

[1] The Court notes that it appears Defendants supplemented this October 2 disclosure with a supplemental disclosure on December 3, 2020. (ECF No. 114.) While the content of this supplemental disclosure is not known to the Court, it presumes that this is the report and opinion of Defendants' expert, Pitts.

## II.     LEGAL STANDARD

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, if a party fails to disclose a witness as required under Rule 26(a), "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  The language of Rule 37 provides two exception to the general rule excluding evidence that was not properly disclosed: When the failure to disclose is "substantially justified," or when the failure to disclose is harmless.  *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).  In deciding whether a failure to disclose was substantially justified or harmless, the reviewing court applies the following five factors: "(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony."  *Id.* (quoting *Rambus, Inc. v. Infineon Technologies AG*, 145 F.Supp.2d 721, 726 (E.D. Va. 2001) (internal citations and quotation omitted)).

## III.    DISCUSSION

The crux of the dispute between the parties is whether Defendants' expert is a "rebuttal expert."  (*See* ECF No. 97 at ¶ 9; ECF No. 100 at ¶ 4.)  If Pitts is properly considered a rebuttal expert witness, then Defendants' disclosure is timely.  If Pitts is not, then the disclosure is untimely, and Pitts must be struck pursuant to Rule 37(c).

In support of his motion, Plaintiff argues that the Court's schedule is structured such that the disclosure of experts by parties on which the party does not bear the burden of proof serves as "responsive documents" to the initial expert disclosure.  (ECF No. 97 at ¶ 9.)  Therefore, Plaintiff

argues that, in structuring disclosures this way, all parties to the action are then afforded "the opportunity to designate a final 'rebuttal' expert" prior to the final expert disclosure deadline. (*Id.*) The gist of Defendants' argument is that Pitts is a rebuttal witness retained to "present his opinions regarding Plaintiff's ERISA fiduciary claims." (ECF No. 100 at ¶ 9.)

Plaintiff is exactly correct with his interpretation of the structure of the Court's scheduling order, and Defendants' own admission only supports this conclusion. Defendants assert that Pitts will present his opinions on *Plaintiff's* ERISA claims, claims on which Defendants *do not bear the burden of proof*. Indeed, the Court's scheduling order reads, as relevant, that "[t]he party not bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **September 22, 2020**." (ECF No. 58 at 1.) The use of the term "shall" usually connotes a mandatory command. *See, e.g.*, *West Virginia Highlands Conservancy v. Norton*, 190 F.Supp.2d 859, 866 (S.D. W. Va. 2002) (citing *United States v. Monsanto*, 491 U.S. 600, 607 (1989)). Therefore, by their own statement, Defendants reveal that their disclosure should have been made by September 22, 2020, pursuant to the Court's scheduling order.

Additionally, by waiting until the absolute last minute to file their expert disclosure, Defendants violated the spirit of the Court's scheduling order. In pertinent part, the scheduling order reads, "*All* parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B), no later than **October 2, 2020**." (ECF No. 58 at 1–2 (emphasis added on "all," emphasis in original on date).) While Defendants argue, unconvincingly, that Pitts is a rebuttal witness pursuant to this language, their late disclosure

5

deprived Plaintiff of the same benefit of this deadline. In effect, by not disclosing their witness until this late hour, Plaintiff had no expert to rebut: But once the disclosure was made, Plaintiff could not rebut the expert as time had expired.

The Court therefore concludes that, as to the first factor in the Rule 37(c) analysis, Plaintiff was surprised by this late filing. Moreover, the second factor—the ability to cure—also weighs in favor of exclusion. As the Fourth Circuit has noted, "the ability to simply cross-examine an expert concerning a new opinion at trial is not the ability to cure[.]" *Southern States Rack & Fixture, Inc.*, 318 F.3d at 598 (internal quotation omitted). As Plaintiff identified in his own argument, "rules of expert disclosure are designed to allow an opponent to examine an expert opinion for flaws and to develop counter-testimony through that party's own experts. Such was not possible here." *Id.* Moreover, with a last-second disclosure, "[t]here is no way to cure the fact that the [Defendants'] expert was able to rely on the [Plaintiff's] expert's report when creating his own." *Brock v. Cabot Oil & Gas Corp.*, Civ. Action No. 2:17-cv-02331, 2018 WL 850094 at *2 (S.D. W. Va. Feb. 13, 2018).

This last point dovetails into the third factor, whether the nondisclosure would disrupt trial. The Court believes that it would. As Plaintiff has identified, even if this Court were to accept such a late filing, Defendants still failed to abide by the requirements of Rule 26(a)(2)(B) by not including a written report that was prepared and signed by the witness. Pursuant to Rule 26(a)(2)(B), the expert's report must contain a complete statement of the expert's opinions and the basis for them; the facts or data considered by the expert in forming those opinions; any exhibits the expert will use to support those opinions; the witness's qualifications; a list of all other cases in which the expert has testified in as an expert; and statement of compensation for the expert's

involvement in the case. Defendants' disclosure, as evidenced, only satisfied one of these items, the *curriculum vitae*. (*See* ECF No. 97–2.) And, as discovery has already closed, Pitts's testimony is likely to disrupt the trial in that Plaintiff has not had the chance to depose him. *See Brock*, 2018 WL 850094 at *2 ("If the court were to admit Mr. Leslie's report, it would substantially disrupt the arguments the defendant made in its motion for summary judgment which would likely prompt the defendant to seek permission to refile its motion. Additionally, the defendant has submitted that it would, understandably, want discovery reopened in order to depose Mr. Leslie and request documents that Mr. Leslie relied on in his report."). At the time of this briefing, discovery had closed, and Defendants had not yet submitted Pitts's expert opinions and report, which left little for Plaintiff to develop.[2]

Likewise, the importance of the testimony also weighs in favor of exclusion, as "[t]his factor must be viewed from the perspective of both parties." *Southern States Rack & Fixture, Inc.*, 318 F.3d at 598. Judge Goodwin aptly observed that "if the expert's testimony is important to the plaintiff's case in the eyes of the jury, then it was even more important to the defendant that the evidence be disclosed in a timely manner." *Brock*, 2018 WL 850094 at *2 (citing *Southern States Rack & Fixture, Inc.*, 318 F.3d at 598–99). The same is true here. Defendants characterize Pitts's testimony and opinions as "vitally important" to Plaintiff's "ERISA fiduciary claims." (ECF No. 100 at ¶ 9.) Those opinions, therefore, are just as important to Plaintiff such that they should have been disclosed prior to September 22. A weighing of these four factors shows that Defendants' failure was not harmless.

---

[2] On this point, the Court notes that Defendants "supplemented" their disclosure on December 3, 2020. (*See* ECF No. 114.) Of course, their supplement can hardly be called such when Defendants failed to abide by the requirements of Rule 26 in the first place.

Finally, Defendants' failure to disclose is not substantially justified in that their explanation for their failure to timely disclose is, simply, that they did not fail. (ECF No. 100 at ¶ 4.) Their excuses for delaying in disclosing Pitts are similarly unavailing. For example, Defendants seem to suggest that they could not have Pitts render an opinion without first having Lipkin's testimony. (*Id.* at ¶ 6.) Yet, Lipkin's report and opinion, as well as the facts and data they are based on, were made available to Defendants on May 20, 2020, a period of nearly five months before Defendants' disclosure. (*See* ECF No. 38.) Defendants' explanation for the delay is simply incredible and, as previously explained, in violation of both the letter and spirit of the Court's scheduling order.

Because the failure to timely disclose was not harmless or substantially justified, Defendants will not be allowed to use Mr. Pitts as an expert or his report to supply evidence on a motion, at a hearing, or at trial pursuant to Rule 37(c) of the Federal Rules of Civil Procedure.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Defendants' Disclosure of Rebuttal Expert Witness, (ECF No. 97), is **GRANTED.** Defendants' disclosure of Mr. Pitts as an expert witness is hereby **STRICKEN** from the docket in this matter, and Defendants' shall not use Mr. Pitts as an expert or his report to supply evidence on a motion, at a hearing, or at trial pursuant to Rule 37(c) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 12, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE