# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

TIMOTHY M. CONNER,

        Plaintiff,

v.                            CIVIL ACTION NO.   2:19-cv-00329

ASSOCIATED RADIOLOGISTS, INC., et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Associated Radiologists, Inc. ("ARI"); Associated Radiologists, Inc. Defined Benefit Plan (the "Plan"); John J. Anton, M.D.; Michael E. Anton, M.D.; Stephen M. Elksnis, M.D.; and Johnsey L. Leef, III, M.D.'s (the "Physician Defendants") (Collectively "Defendants") Motion for Reconsideration.   (ECF No. 134.)   For the reasons more fully explained below, the motion is **DENIED**.

*I.     BACKGROUND*

This dispute arises out of the termination of a defined benefit plan under the Employee Retirement Income Security Act ("ERISA").   On July 18, 2019, this Court entered a scheduling order, (ECF No. 17), which established a deadline for expert witness disclosures for parties bearing the burden of proof of February 21, 2020. Pursuant to this order, expert witness disclosures for parties not bearing the burden of proof were due by March 20, 2020, and rebuttal expert disclosures were due by April 3, 2020.   (*Id.*)   In late February 2020, the Court entered its first amended scheduling order, which established a deadline of May 21, 2020 for expert witness disclosures for

parties bearing the burden of proof.   (ECF No. 28.)   Disclosures for parties not bearing the burden of proof were due by June 22, 2020, and rebuttal expert disclosures were due July 3, 2020.   (*Id.*)

Because 2020 involved a rapidly changing environment due to the COVID-19 pandemic, this Court entered a second amended scheduling order on June 18, 2020.   (ECF No. 58.)   Because the initial deadline for expert witness disclosure deadline had already passed, this amended order did not affect the initial disclosure date, but changed the deadlines for expert witness disclosures for parties not bearing the burden of proof to September 22, 2020, and the disclosure of rebuttal expert witnesses to October 2, 2020.   (*Id.*)

Prior to the entry of this amended order, Plaintiff Timothy M. Conner, M.D. ("Dr. Conner") timely disclosed his expert witness, David M. Lipkin, MSPA, FSA ("Lipkin") and served Mr. Lipkin's expert report upon Defendants.   (ECF No. 38.)   Defendants did not disclose their expert witness, David G. Pitts, FSA, MAAA ("Pitts"), until the evening of October 2, 2020.   (ECF No. 92.)   Notably, Defendants did not include Pitts' expert report or opinion in this disclosure, but instead it was "supplemented" on December 3, 2020.   (ECF No. 114.)   Dr. Conner filed his Motion to Strike Defendants' Disclosure of Rebuttal Expert Witness, (ECF No. 97), and after full briefing by both parties, this Court entered its Order granting the motion to strike on February 12, 2021.   (ECF No. 130.)

Defendants filed the instant motion for reconsideration on February 25, 2021.   (ECF No. 134 at 2.)   Dr. Conner timely filed his response in opposition on March 4, 2021.   (ECF No. 135.) Defendants filed their reply on March 11, 2021.   (ECF No. 136.)   With the briefing complete, this motion is now ripe for adjudication.

## II.   *LEGAL STANDARD*

Rule 54(b) of the Federal Rules of Civil Procedure governs reconsideration of interlocutory orders.   *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991). This Court possesses "broad[ ] flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light."   *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (citations omitted and emphasis removed).   This Court "may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice."   *Id.* (alteration and internal quotation marks omitted).   "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to [Federal Rule of Civil Procedure] 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial."   *Id.* (internal quotation marks omitted); *see Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) ("A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." (internal quotation marks omitted)).

## III.   *DISCUSSION*

In their motion to reconsider, Defendants argue that several of these considerations are applicable here and ask the Court to "allow Defendants to present Pitts' limited testimony to the jury in the interests of fairness and adjudication on the merits."   (ECF No. 134 at 2–3.)   In particular, Defendants claim that there has been a "major intervening development," namely the

entry of a third amended scheduling order which has delayed the trial of this matter by three months.   (*Id.* at 3.)   Moreover, Defendants claim that the Court granting reconsideration on its order will prevent a "manifest injustice," in that Defendants would be allowed to "present their evidence as they deem appropriate[.]"   (*Id.*)   Finally, Defendants present a "new argument" pursuant to Rule 37 of the Federal Rules of Civil Procedure, and argue their failure to disclose was "in good faith" and ultimately harmless with the trial's continuance.   (*Id.* at 5.)

Dr. Conner disagrees that the third amended scheduling order constitutes an intervening development, let alone a major one.   (ECF No. 135 at 4.)   Further, Dr. Conner argues that indeed, the Court is preventing a manifest injustice by not having Pitts testify, as Defendants failed to "abide by the Rules" in the first place.   (*Id.* at 7.)   The Rules, Dr. Conner argues, do not allow for Defendants "the *carte-blanche* ability to bring in an expert" whenever they please, and thus presumes the Court has already weighed whether a manifest injustice would occur by allowing Pitts to testify based on its original order.   (*Id.* at 8.)   Finally, Dr. Conner argues that Defendants' "new argument" is in fact the same argument that the Court considered in its order on this issue, and that the Court should not be persuaded by it.   (*Id.* at 10.)

First, the Court agrees with Dr. Conner that the continuance of the trial is not an intervening development that requires reconsideration of the order granting the motion to strike.   The Fourth Circuit has reasoned that courts should "cabin[] revision . . . by treating interlocutory rulings as law of the case."   *Carlson*, 856 F.3d at 325.   "The law-of-the-case doctrine provides that in the interest of finality, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"   *Id.* (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009).   Under this logic, the Fourth Circuit explicitly stated

4

that a court may revise its judgment on an interlocutory order "under the same circumstances in which it may depart from the law of the case," including "a change in the applicable law[.]"   *Id.* While courts have considerably broader flexibility in revising interlocutory orders than they do final judgments, the discretion afforded by Rule 54(b) is not limitless.   *Id.*

Therefore, the Fourth Circuit has held that a court "may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: . . . a change in applicable law[.]"    In a related context, the Supreme Court opined that "[w]here intervening developments, or recent developments that we have reason to believe the court below did not fully consider, reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the litigation, a GVR order[1] is, we believe, potentially appropriate."  *Lawrence v. Chater*, 516 U.S. 163, 167 (1996).   While Rule 54(b) provides some flexibility in revising non-final orders, the Court believes that Defendants stretch the idea of "intervening development" too far.   *See also Bryant v. New Jersey Dep't of Transp.*, 998 F. Supp. 438, 443 (D.N.J. 1998) ("The Third Circuit has held, however, that on a motion for reconsideration, where a previously ignored legal theory takes on new importance due to an intervening development in the law, it is appropriate . . . to exercise . . . discretion to allow a party to revive that theory."); *Quinones-Ruiz v. United States*, 873 F. Supp. 359, 361–62 (S.D. Cal. 1995) (reconsideration was appropriate in light of intervening change in controlling law where new rule was unfavorable to United States, and government did not have an opportunity to argue how broadly or narrowly new rule should apply).   Simply, a change in schedule is not sufficient

---

[1] As used in *Lawrence*, a "GVR order" meant "grant certiorari, vacate the judgment below, and remand the case." *Lawrence v. Chater*, 516 U.S. 163, 165 (1996).

under these circumstances to warrant revising the Court's prior order, which, as will be explained below, was borne out of Defendants' own abject failure to comply with the Rules of Civil Procedure or the Court's scheduling order.[2]

Next, the Court finds that no manifest injustice will result by prohibiting Pitts's expert testimony.   Defendants argue that the injustice will result as they "will be unable to present their evidence as they deem appropriate[.]"   (ECF No. 134 at 4.)   The Court disagrees.   As this Court indicated in its original order, not only did Defendants violate both the letter and the spirit of its scheduling order with their late disclosure, they also failed to comply with Rule 26 of the Rules of Civil Procedure, in that the expert's opinion and report were not also disclosed.   (*See* ECF No. at 7, n.2.)   This resulted in both parties relying on the already-developed record for their respective motions for summary judgment, as Defendants' "supplemented" their disclosure with only one day remaining before the replies to the motions for summary judgement were due.   (*See* ECF No. 114.)   Manifest injustice, then, would undeniably result if the Court were to allow Defendants to run roughshod over the Rules of Civil Procedure and this Court's scheduling orders.   Indeed, the very purpose of these pretrial procedures "is to take the trials of cases out of the realm of surprise and maneuvering, whereby an unwary counsel might see the just case of his client lost. It may be romantic and charming to watch the skillful trial lawyer as he lies in wait to pounce upon an uninformed and less skillful counsel, but the results frequently are not just."   6A Wright and Miller, Fed. Prac. & Proc. Civ. § 1522 (3d ed.) (discussing Rule 16 and the purpose of scheduling orders and conferences).

---

[2] The Court also notes that the most recent scheduling order, (ECF No. 133), which continued the trial until June 8, 2021, was entered on February 22, 2021, well after the deadlines previously established for expert disclosures, the last of which was October 2, 2020.   (ECF No. 58.)   This only bolsters the conclusion that Defendants' attempt to execute an end around with their expert disclosure is without merit.

This injustice becomes even more apparent by the fallout that would occur if the Court were to grant Defendants' motion.   Despite having already fully briefed the Court on their respective motions for summary judgment, introducing Pitts as an expert in this matter would affect matters already come to pass, as well as proceedings still downstream in this litigation. Pitts's opinions would undoubtedly affect the parties' stances on their motions for summary judgment; pretrial disclosures, including witnesses and exhibits; motions *in limine*; the pretrial order; and supplemental expert reports, as Lipkin—Dr. Conner's expert witness—would need to be afforded the opportunity to review Pitts's testimony, to only name some of the potential outcomes.   Thus, allowing Pitts's opinion into the record not only rewards Defendants' for their own malfeasance but would cause manifest injustice to Dr. Conner.   *See, e.g.*, *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004) ("[M]anifest injustice does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.").   Indeed, had Defendants simply followed the scheduling order, they would have avoided the expert's exclusion, along with the subsequent litigation over it.

The Court is similarly unpersuaded by Defendants' assertion that they the Rules of Evidence dictate that Pitts's testimony should be admitted.   While the rules "evince a strong preference for the admission of all relevant evidence," *United States v. Ward*, 171 F.3d 188, 195 (4th Cir. 1999), Rule of Evidence 402 also provides that relevant evidence is not admissible to the extent precluded by the Federal Rules, statutory authority, or by the Supreme Court.   This Court has already made the determination that Defendants did not abide by the applicable rules in their disclosure, and therefore Pitts's expert reports are not admissible.   Defendants had their

7

opportunity to present their case as they saw fit but failed to abide by the Rules of Civil Procedure and schedule of this Court.

Finally, the Court is not swayed by Defendants' "new argument," which in actuality is a recycled argument that this Court rejected in its original analysis pursuant to *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).   (*See* ECF No. 130.) *Southern States Rack & Fixture* explained that when determining whether a failure to disclose a witness pursuant to Rule 37 of the Rules of Civil Procedure was harmless or substantially justified, a court looks to the following five factors: "(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony."  *Id.*   Under *Southern States Rack & Fixture,* Defendants argue that the surprise is easily cured since there is time to depose Pitts and allow Dr. Conner to disclose his rebuttal; the additional time with the Court's continuance does not disrupt trial; and Defendants' intent was only to use Pitts as a rebuttal witness to Lipkin.[3] (ECF No. 134 at 5.)

The only change in this argument is that instead of a trial scheduled for March 9, 2021, the trial is now scheduled for June 8, 2021.   (*See* ECF No. 133.)   As evidenced, Defendants' "new" argument is not new at all but is instead a rehashed version of their original response and based entirely on the trial's continuance.   "A motion for reconsideration is 'not the proper place to

---

[3] At this point, Defendants' use of the term "rebuttal expert" is a perversion of what actually is a defense expert.   As the Court identified in its original order, Pitts should have been disclosed on September 22, 2020, as he was presenting opinions on issues on which Defendants did not bear the burden of proof.   (ECF No. 130 at 5.)   Moreover, Pitts's own report begins to opine on Defendants' counterclaim in this matter, an issue on which they *do* bear the burden of proof.   (*See* ECF No. 135–1 at 8–9.)   In this light, Defendants should have disclosed their expert on the initial disclosure date, which was May 21, 2020.   (ECF No. 28.)

relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'"   *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F.Supp.2d 612, 621 (D. Md. 2013).   *See also McLaurin v. E. Jordan Iron Works, Inc.*, 666 F.Supp.2d 590, 596 (E.D.N.C. 2009) ("Generally, motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling.") (internal quotation marks omitted), *aff'd*, 410 Fed.Appx. 630 (4th Cir. 2011).   The Court has already considered and rejected Defendants' arguments in its original order, and it will not entertain them here.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration, (ECF No. 134), is **DENIED**.   Pursuant to this Court's Memorandum Opinion and Order, (ECF No. 130), Defendants' shall not use Mr. Pitts as an expert or his report to supply evidence on a motion, at a hearing, or at trial pursuant to Rule 37(c) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        May 5, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE

9